UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOBLE ROMAN'S, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:14-cv-1734-WTL-DML |
| ) | |
| HATTENHAUER DISTRIBUTING ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON VARIOUS MOTIONS

Before the Court are two motions: the Defendant's Motion to Deny Plaintiff's Motion for Partial Summary Judgment as Premature or, in the alternative, to Continue or Stay the Motion Until Completion of Discovery Pursuant to Rule 56(d) (Dkt. No. 57); and the Plaintiff's Motion for Leave to File Amended Reply to Hattenhauer's Counterclaims (Dkt. No. 66). The motions are fully briefed, and the Court, being duly advised, resolves them as follows.

**I.    Motion to Deny Plaintiff's Motion for Partial Summary Judgment as Premature or, in the alternative, to Continue or Stay the Motion Until Completion of Discovery Pursuant to Rule 56(d)**

Plaintiff Noble Roman's, Inc. ("Noble Roman's") entered into franchise agreements with Defendant Hattenhauer Distributing Company ("Hattenhauer"), the owner and operator of convenience stores and gas stations in Goldendale, Washington and Wasco, Oregon, for the sale of Noble Roman's pizza and Tuscano's sandwiches. Under the franchise agreements, Hattenhauer agreed to pay a seven percent weekly royalty fee to Noble Roman's and agreed to only use ingredients that conform to Noble Roman's standards and specifications, among other things.

At some point in 2014, Noble Roman's performed an audit of Hattenhauer's franchises

and allegedly found that it under-reported sales at both the Washington and Oregon locations from January 2011, through February 2014. Noble Roman's notified Hattenhauer of this in April 2014; Hattenhauer disputed the audits and refused to pay the royalty fees. Expanded audits conducted by Noble Roman's—from the time the locations opened through August 2014— revealed the same. In addition to the unpaid royalty fees, Noble Roman's also alleges that since January 2011, Hattenhauer has been using an inferior-quality cheese on its pizzas, not the Noble Roman's proprietary pizza cheese.

In October 2014, Noble Roman's filed suit in this Court alleging unfair competition (Count I) and breach of contract (Count II). A case management plan was entered on February 10, 2015, providing a discovery deadline of August 23, 2015, and a summary judgment deadline of October 23, 2015. *See* Dkt. No. 40. Less than ten weeks after entry of the CMP and four months before the close of discovery, Noble Roman's filed a motion for partial summary judgment, requesting "summary judgment on the liability question on its Lanham Act claim," summary judgment on its "right to audit using purchase records" and "summary judgment as to its breach of contract" claim premised on the use of inferior-quality pizza cheese. Dkt. No. 55 at 11, 15, 16.

Hattenhauer moves, pursuant to Federal Rule of Civil Procedure 56(d), for a "sufficient and meaningful opportunity to conduct discovery to refute the allegations in Plaintiff's Motion." Dkt. No. 58 at 4. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The Court completely agrees with

Hattenhauer that additional time is needed to conduct discovery in order for Hattenhauer to properly respond to the allegations in Noble Roman's motion.

Moreover, Noble Roman's partial motion for summary judgment is against the policy of this Court. As Hattenhauer notes, the CMP provides the following: "Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a *single* motion." Dkt. No. 40 at 5. Noble Roman's motion for partial summary judgment clearly contemplates filing additional motions with this Court, *see* Dkt. No. 55 at 15 ("Establishing by summary judgment Noble Roman's right to audit using purchase records and the consequences to Hattenhauer of that audit will simplify the issues remaining in Noble Roman's breach of contract claim moving forward."), yet it did not seek leave of court to file multiple summary judgment motions nor establish any good cause for doing so. Serial summary judgment motions are at least discouraged, if not prohibited, by this Court's policy.

Accordingly, the Court **GRANTS** Hattenhauer's Motion to Deny Plaintiff's Motion for Partial Summary Judgment as Premature (Dkt. No. 57). Noble Roman's Motion for Partial Summary Judgment (Dkt. No. 54) is **DENIED WITHOUT PREJUDICE**. Noble Roman's may refile its motion after discovery is completed in this case. If the discovery deadlines need to be adjusted in light of this Entry, the parties should request a conference with Magistrate Judge Lynch.

**II.     Plaintiff's Motion for Leave to File Amended Reply to Hattenhauer's Counterclaims**

Previously, Hattenhauer moved to dismiss any claims based on alleged underreported sales prior to October 23, 2010, arguing that the franchise agreements—the contracts at issue in this cause—were predominantly for the sale of goods and thus governed by the UCC's four-year statute of limitations. Noble Roman's disagreed, arguing that the franchise agreements were

contracts in writing other than those for the payment of money and subject to a ten-year statute of limitations. The Court agreed with Noble Roman's, noting the following:

> [I]t appears clear to the Court that the predominate thrust of the franchise agreements was the granting of the Noble Roman's and Tuscano's franchises. Specifically, the purpose was to allow and enable Hattenhauer to set up and operate a Noble Roman's and/or Tuscano's franchise and to use its marks and products. Of course, the franchise agreements contemplated that Hattenhauer would sell Noble Roman's pizza and Tuscano's Italian-style submarine sandwiches, but the agreements primarily involve the granting, development, and operation of the two franchises. The Court agrees with Noble Roman's that "[t]he Franchise Agreements . . . address the sale of goods only indirectly and focus heavily on the 'service aspect' of the parties' relationship." Pl.'s Resp. at 5. Accordingly, the UCC's four-year statute of limitations is inapplicable to the contracts at issue.

Dkt. No. 52 at 6.

Thereafter, Hattenhauer filed a Counterclaim against Noble Roman's, alleging the following: "The purpose of the Franchise Agreements was to effectuate the sale of Noble Roman's ingredients to Hattenhauer so that Hattenhauer could in turn sell Noble Roman's and Tuscano's products to the consuming public at its convenience stores associated with the Washington and Oregon Locations." Dkt. No. 49 ¶ 6. In its Answer (Reply), Noble Roman's admitted "the allegations set forth in paragraph 6 of Hattenhauer's counterclaims." Dkt. No. 53 ¶ 6. Seizing on this, Hattenhauer argued as follows in its Rule 56(d) motion:

> Notably, since the briefing on HDC's Motion to Dismiss, Plaintiff admitted in its Answer to HDC's Counterclaims that "[t]he purpose of the Franchise Agreements was to effectuate the sale of Noble Roman's ingredients to Hattenhauer so that Hattenhauer could in turn sell Noble Roman's and Tuscano's products to the consuming public at its convenience stores associated with the Washington and Oregon Locations." (Doc. 53/383.) Plaintiff has therefore disavowed its position in earlier pleadings that the purpose of the Franchise Agreements was the sale and provision of franchise services, admitted that the purpose of the Agreements was the sale of goods, and HDC intends to raise the statute of limitations issue again considering Plaintiff's admission.

Dkt. No. 65 at 16-17.

Thus, Noble Roman's filed the current motion to amend, arguing as follows:

4

> Noble Roman's seeks leave of Court to amend its reply to Hattenhauer's Counterclaims to deny paragraph 6 of the Counterclaims because Hattenhauer's construction of its allegation and Noble Roman's response makes clear that Hattenhauer is embedding extra meaning into its allegation beyond what Noble Roman's intended for its response to convey. To the extent Hattenhauer intended its allegation to mean that the sole purpose of the Franchise Agreements is to effectuate the sale of goods, Noble Roman's disagrees with that contention. The Franchise Agreements have provisions related to the sale of ingredients, but the predominant thrust of the Agreements is to grant franchises to Hattenhauer. *See* Entry on Partial Motion to Dismiss (Dkt. 52 at 6.) Although Hattenhauer may argue its position again at a later stage of the case, an amendment to the pleadings at this stage avoids additional litigation over whether Hattenhauer's interpretation of its allegation in paragraph 6 of the Counterclaims and Noble Roman's response to it carry the same import.

Dkt. No. 66 ¶ 4. Not surprisingly, Hattenhauer objects.

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(3). However, Hattenhauer correctly notes that since Noble Roman's is seeking to amend its Answer after the deadline set forth in the case management plan, it has to show that good cause exists for the amendment. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'") (citing Fed. R. Civ. P. 16(b)).

Noble Roman's motion for leave to amend (Dkt. No. 66) is **GRANTED**. Good cause exists in this case because the deadline for amending pleadings was not an appropriate deadline under the circumstances of this case. The CMP was approved on February 10, 2015, and established a March 23, 2015, deadline to amend pleadings; however, Hattenhauer's Counterclaim was not filed until March 19, 2015, and Noble Roman's Answer to the Counterclaim was filed on April 9, 2015, *after* the deadline to amend. Had Noble Roman's (or Hattenhauer) filed a motion to extend the deadline for amending pleadings, the Court would have

5

granted it.  Moreover, Hattenhauer has suffered no prejudice.  **Accordingly, the Clerk is directed to docket Noble Roman's Amended Reply, found at Dkt. No. 66-1.**

### III.     Conclusion

For the benefit of the docketing clerk, the Court has resolved the motions in this Entry as follows:

- Hattenhauer's Motion to Deny Plaintiff's Motion for Partial Summary Judgment as Premature or, in the alternative, to Continue or Stay the Motion Until Completion of Discovery Pursuant to Rule 56(d) (Dkt. No. 57) is **GRANTED**.  Noble Roman's Motion for Partial Summary Judgment (Dkt. No. 54) is **DENIED WITHOUT PREJUDICE**.

- Noble Roman's Motion for Leave to File Amended Reply (Dkt. No. 66) is **GRANTED**.  **The Clerk is directed to docket Noble Roman's Amended Reply, found at Dkt. No. 66-1.**

SO ORDERED: 7/27/15

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification