UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOBLE ROMAN'S, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:14-cv-1734-WTL-DML |
| | ) |
| HATTENHAUER DISTRIBUTING COMPANY, | ) ) ) |
| | ) |
| Defendant. | ) |

### ENTRY ON DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM

Before the Court is Hattenhauer Distributing Company's ("Hattenhauer") Motion for Leave to File Amended Counterclaim (Dkt. No. 107) (the "Motion"). This Motion is fully briefed, and the Court, being duly advised, now **GRANTS IN PART AND DENIES IN PART** Hattenhauer's Motion for the reasons set forth below.

### I.  BACKGROUND

This case has a long and complicated history. The Court limits its background discussion to procedural history related to Hattenhauer's Motion, with additional factual and procedural background addressed in the discussion section. The original Case Management Plan ("CMP") in this matter was approved on February 10, 2015, and established a March 23, 2015, deadline to amend pleadings. *See* Dkt. No. 40 at 3. Hattenhauer filed its Counterclaim on March 19, 2015 (Dkt. No. 49). Noble Roman's, Inc.'s ("Noble Roman's") Answer to the Counterclaim was filed on April 9, 2015 (Dkt. No. 53). On June 18, 2015, Noble Roman's sought leave to file an amended reply to Hattenhauer's Counterclaim (Dkt. No. 66). Although neither party sought to extend the deadline for amending pleadings generally, on July 27, 2015, the Court granted Noble

Roman's Motion for Leave to File an Amended Reply to Hattenhauer's Counterclaim. *See* Dkt. No. 76 at 5. On several occasions since, various CMP deadlines have been extended in this matter. *See* Dkt. Nos. 84, 99, 118, 136. The instant motion, Hattenhauer's Motion for Leave to File Amended Counterclaim, was filed on November 9, 2015 (Dkt. No. 107).

## II.     STANDARD

Federal Rule of Civil Procedure 15 provides, in relevant part, that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As noted, however, Hattenhauer seeks to amend its counterclaim after the passing of the deadline set forth in the CMP. Under such circumstances, as Hattenhauer notes, it must demonstrate good cause for the Court's permitting the amendment. *See* Fed. R. Civ. P. 16(b)(4); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) ("[T]he district court is entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied.") (internal quotation omitted). "In making a Rule 16(b) good-cause determination, the primary consideration . . . is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Furthermore, the Court has "'broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the [opposing party], or where the amendment would be futile.'" *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

## III.     DISCUSSION

With its Motion, Hattenhauer seeks to add new allegations that "Noble Roman's intentionally and knowingly exerted [un]authorized control over Hattenhauer's property" and

2

"made false and misleading claims in a written statement to Hattenhauer to obtain Hattenhauer's property," giving rise to a cause of action under the Indiana Crime Victims Relief Act ("CVRA"). Dkt. No. 107 at 11. It also seeks to assert, in its existing breach of contract counterclaim, an allegation that Noble Roman's breached its duty of good faith and fair dealing. *Id.* Noble Roman's argues that Hattenhauer's Motion "should be denied in its entirety as it seeks only to add claims that are futile, cause undue prejudice or are duplicative." Dkt. No. 112 at 13.

### A. Claim Under Indiana Crime Victims Relief Act

With respect to Hattenhauer's proposed claim under the CVRA, Noble Roman's argues that this claim is both futile and causes it undue prejudice. It asserts that an amendment is futile if it cannot survive summary judgment and that "[t]he evidence referenced by Hattenhauer . . . does not support the alleged *mens rea* that is necessary to sustain its proposed criminal allegations." Dkt. No. 112 at 7-8. Noble Roman's does not develop its futility argument further.

While Noble Roman's has correctly identified the futility standard for cases in the summary judgment phase of litigation, a different standard applies when a case has not yet reached the summary judgment stage. *See, e.g.*, *Lake v. Hezebicks*, No. 2:14-cv-00344, 2015 WL 224786, at *2 n.1 (S.D. Ind. Jan. 15, 2015); *Bank of America, NA v. Summit, Inc.*, No. 2:11-cv-323, 2012 WL 3779153, at *2 (N.D. Ind. Aug. 30, 2012). Prior to summary judgment, an amendment is futile when it would not survive a motion to dismiss. *Lake*, 2012 WL 224786, at *2; *cf. Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (applying motion to dismiss standard even after summary judgment stage)*; see also Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (same). Despite this case's long procedural history, the motion to dismiss standard is proper here because the case is not yet at the summary judgment stage.

"The purpose of a motion to dismiss is to test the sufficiency of the [counterclaim], not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989) (*abrogated on other grounds by Board of Cty. Comm'rs, Wabunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 684-85 (1996))). This standard requires the Court to accept as true all well pled facts alleged by the counterclaimant and draw all permissible inferences in its favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). The counterclaim must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, it must afford the counter-defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). In addition, the counterclaim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A counterclaim's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this liberal standard, the facts in Hattenhauer's amended counterclaim, taken as true, state a claim for relief under the CVRA that is plausible on its face and, therefore, is not futile.

Noble Roman's further argues that allowing Hattenhauer to bring its CVRA claim "will only cause undue prejudice to Noble Roman's, as it will necessarily further delay discovery and dispositive motion briefing." Dkt. No. 112 at 9. Hattenhauer responds that the discovery that was the subject of its Motion to Compel (Dkt. No. 102), which Noble Roman's discusses in its briefing, "is relevant to Hattenhauer's existing Counterclaim." Dkt. No. 113 at 5. It points out that it "seeks this information, and more, regardless of whether Hattenhauer is granted leave to

4

amend its Counterclaim." *Id.*  As a result, Noble Roman's cannot possibly suffer undue prejudice by such discovery, as it is occurring regardless of the Court's ruling in this Entry and is, to date, nearly completed.[1]

As noted, Noble Roman's also argues that it will suffer undue prejudice because Hattenhauer's CVRA claim will delay dispositive motion briefing.  It does not explain how the claim might delay the briefing, nor can the Court see any reason that addressing an additional claim would cause prejudicial delay.[2]  Noble Roman's also argues that it will suffer undue prejudice simply because it may have to address additional allegations in its dispositive motion briefing.  *See* Dkt. No. 112 at 11.  This argument also does not resonate with the Court. "'[P]rejudice' is a reduction in the [nonmovant]'s ability to meet the [claim] on the merits." *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015).  It is not undue prejudice for the parties to have to litigate claims at issue in a case, even those added by amendment.

Finally, Noble Roman's argues that Hattenhauer brings its CVRA claim in an attempt to "further delay[] resolution to the central claims in this litigation."  Dkt. No. 112 at 11.  Here, Hattenhauer sought amendment approximately eight months after the original deadline in the CMP.  It explained that it did not previously raise the claims because it did not receive information supporting the requested amendments until August 2014, well after it filed, within the established deadline, its original Counterclaim.  *See* Dkt. No. 107 at 6.  The Court finds Hattenhauer's explanation for the delay in bringing the claim adequate.  In any case, undue delay

---

[1] The Motion to Compel was granted in part, and the discovery deadline in this case is April 30, 2016.  *See* Dkt. Nos. 128 and 136, respectively.  The Court does not intend to reopen discovery deadlines.

[2] The dispositive motions deadline is set for June 10, 2016, which has not yet passed.

alone is insufficient to support denial of leave to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). To support the denial of leave to amend, it may be combined with another factor, such as undue prejudice, *id.*, but Noble Roman's has not made that showing. Indeed, despite new information that could support a CVRA claim, the vast majority of the facts underlying this claim are not new, and as already noted, Hattenhauer should not need additional discovery to pursue this claim. For all of these reasons, the Court does not find that Noble Roman's will be unduly prejudiced by allowing Hattenhauer to amend its counterclaim to add a claim under the CVRA.

### B.     Breach of Good Faith and Fair Dealing Allegation

Hattenhauer also seeks to amend its existing breach of contract claim to add an allegation that Noble Roman's breached its duty of good faith and fair dealing. It argues that Indiana law implies such a duty when a contract is ambiguous. *See* Dkt. No. 107 at 9 (citing *Old Nat'l Bank of Ind. v. Kelly*, 31 N.E.3d 522, 531-32 (Ind. Ct. App. 2015)). The Court, however, understands Hattenhauer's interpretation to be an expansion of Indiana law. As the Indiana court in *Old National Bank of Indiana* explained, "Indiana law does not impose a generalized duty of good faith and fair dealing on every contract; the recognition of an implied covenant is generally limited to employment contracts and insurance contracts." 31 N.E.3d at 531 (citing *Allison v. Union Hosp., Inc.*, 883 N.E.2d 113, 123 (Ind. Ct. App. 2008)). The duty, however, has been extended outside of the employment contract and insurance contract contexts, but only where there existed a fiduciary relationship or where one party enjoyed superior bargaining power over the other. *See, e.g.*, *Old Nat'l Bank of Ind.*, 31 N.E.2d at 531 (imposing duty where court "discern[ed] no crucial difference between insurance companies and banks, as each – from a superior vantage point – offer customers contracts of adhesion, often with terms not readily

discernable to a layperson"); *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1251 (Ind. Ct. App. 1998) (discussing imposing duty in either of these instances in constructive fraud context). Thus, this Court does not understand Indiana to have created a duty of good faith and fair dealing in every instance where a contract is ambiguous, and Hattenhauer has not demonstrated that any facts exist in this particular instance that would make it available here. Accordingly, Hattenhauer's allegation of a breach of duty of good faith and fair dealing adds nothing to its existing breach of contract claim and thus, simply "reasserts a claim previously determined," making this particular amendment to the Counterclaim futile. *Bower*, 978 F.2d at 1008 (quotation omitted).

### IV.    CONCLUSION

For the reasons set forth above, the Court finds that good cause exists and justice requires amendment in this instance. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Hattenhauer's Motion for Leave to Amend Counterclaim. The Court orders Hattenhauer to refile its Amended Counterclaim consistent with this Entry, deleting the "breached the covenant of good faith and fair dealing" language in paragraph 51. The Court also requests that Hattenhauer fix the graphic in paragraph 9 so as to reflect the definition of "Gross Sales" found in the franchise agreements.[3]

SO ORDERED: 4/19/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[3] Hattenhauer presented in the Amended Counterclaim (Dkt. No. 107-1) a graphic containing the definition of "Gross Sales," but it is unreadable. The Court suggests correcting the problem by either typing the text of the graphic into the Amended Counterclaim or reinserting a larger version of the graphic so that the full definition of "Gross Sales" appears.